1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

11   YOUNG YIL JO,                                  CASE NO. 1:11-cv-01973-AWI-GBC (PC)

12                    Plaintiff,                    ORDER STRIKING COMPLAINT AND
                                                    REQUIRING PLAINTIFF TO FILE SIGNED
13          v.                                      COMPLAINT FORM AND EITHER FILE
                                                    APPLICATION TO PROCEED IN FORMA
14   SIX UNKNOWN NAMES AGENTS, et al.,              PAUPERIS OR PAY FILING FEE WITHIN
                                                    THIRTY DAYS
15                    Defendants.

16   _____/   Doc. 1

17          On November 30, 2011, Plaintiff Young Yil Jo ("Plaintiff"), a federal prisoner proceeding

18   pro se, filed what was construed as a civil rights complaint. The complaint is not signed and it sets

19   forth no intelligible claims for relief. The Court cannot consider unsigned filings and the complaint

20   shall be stricken from the record for that reason. Plaintiff has thirty days to file a signed complaint

21   that complies with Federal Rule of Civil Procedure 8(a).[1] Plaintiff must also either file a motion

22   seeking leave to proceed in forma pauperis or pay the $350.00 filing fee in full.

23

24   _____

25          [1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.
     . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
26   a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129
     S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007)). While a plaintiff's
27   allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
     572 F.3d 677, 681 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient
28   to state a plausible claim for relief. *Iqbal*, 556 U.S. at __, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d
     962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556
     U.S. at __, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Accordingly, IT IS HEREBY ORDERED that:

**1.** Plaintiff's complaint is stricken from the record for lack of signature;

**2.** The Clerk's Office shall send Plaintiff a *Bivens* complaint form and an application to proceed in forma pauperis;

**3.** Within thirty (30) days from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee for this action; and

**4.** The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:    December 22, 2011

UNITED STATES MAGISTRATE JUDGE